## EX PARTE WILLIAM SCHATZ, Petitioner.

In Banc, February 17, 1925.

1. CONVICT: Discharge: Liberty to Choose Place of Abode.  A person who has been discharged from imprisonment in the penitentiary is restored to his liberty as a citizen (except the privilege of suffrage, etc.) and is privileged, as other citizens, to choose his place of abode anywhere in the State, and to travel from county to

county, and a law which undertakes to exclude a discharged prisoner from entering or residing in certain named counties is void. A law which imposes upon him an additional penalty if he resides or travels in Cole or Callaway counties after his discharge from the penitentiary, as does Section 12523, Revised Statutes 1919, deprives him of the equal protection of the laws extended to other citizens, who are privileged to reside, do business and own property in said counties, and is therefore void under both the Federal and State Constitution.

2. ————: ————: **Unreasonable Classification: Police Regulation.** A law (Sec. 12523, R. S. 1919) which requires a convict, upon being discharged from the penitentiary, to travel within twenty-four hours beyond the confines of Cole and Callaway counties, unless sentenced from one or the other of them, and subjects him to punishment if he violates such requirement, while permitting him to freely travel in all other counties, including those adjoining Cole, is an unreasonable classification of counties. Nor can it be upheld as a police regulation, because there must be some proper classification in police laws, and there is no reasonable basis for protecting Cole and Callaway counties from the presence of former convicts that is not equally applicable to other counties.

3. **ILLEGAL CUSTODY: Void Law.** A petitioner held in custody under a void law should always be discharged by writ of *habeas corpus.*

Citations to Headnotes: 1 and 2, Constitutional Law, 12 C. J. pars. 955, 858, 873; 3, Habeas Corpus, 29 C. J. par. 23.

## *Habeas Corpus.*

PETITIONER DISCHARGED.

*H. P. Lauf* for petitioner.

*Sam Haley* for respondent.

GRAVES, C. J.—There may be some extraneous matter charged in the complaint of the petitioner, in that he pleads matter which might be considered as an excuse for being in Cole County, Missouri, at the time that he was arrested and thrown into jail. The complaint charges he was charged with a violation of Section 12523, Revised Statutes 1919, which section reads:

"All convicts, upon being discharged from the penitentiary, shall immediately leave the City of Jefferson, and within twenty-four hours shall travel beyond the confines of Cole or Callaway counties, unless such convict was sentenced to the penitentiary from one or the other of the above mentioned localities. Any violation of this provision shall be deemed a misdemeanor, and upon conviction shall be punished by imprisonment in the county jail for a term not to exceed one year; *provided however,* if any convict discharged by reason of his good behavior shall violate any of the provisions of this section, he shall, upon conviction before the judge of the circuit court of Cole County, be remanded to the penitentiary to serve out the remainder of his sentence." [Laws 1917, p. 155.]

The return is short and reads:

"Comes now L. C. Withaup, Sheriff of Cole County, Missouri, and, for return to the writ of *habeas corpus* issued out of the Honorable Supreme Court of Missouri and directed to him in the case of *ex parte* William Schatz, states that he has the said William Schatz in his custody, and that the said William Schatz is detained by him in the Cole County jail as such Sheriff, by virtue and under authority of a *capias* issued out of the office of the clerk of the Circuit Court of Cole County, Missouri, on the 27th day of January, 1925, commanding him to take the body of William Schatz, and him safely keep so that said sheriff have his body before the Circuit Court of Cole County on the first Monday in March next, then and there to answer unto the State of Missouri on an information for his not having left Cole County, Missouri, after his discharge from the Missouri State Penitentiary, whereof he, the said William Schatz, stands charged, a copy of which *capias* is hereto annexed;

"And the said L. C. Withaup, sheriff as aforesaid, in obedience to said writ of *habeas corpus* now produces the body of the said William Schatz before the court to be dealt with according to law."

The *capias* is in ordinary form and need not be further noted. It must be considered that the return, as well as a certified copy of the information filed with the petition, simply charges that petitioner failed to leave Cole County. The information duly certified and in evidence, upon this point says:

"Comes now Sam S. Haley, Prosecuting Attorney within and for the County of Cole and State of Missouri, upon his oath of office, and upon his information, knowledge and belief, informs the court that one William Schatz, was on the — day of September, 1924, discharged from the Missouri State Penitentiary, situate at Jefferson City, Cole County, Missouri, and that he did not immediately, upon being discharged from said penitentiary and within twenty-four hours, travel beyond the confines of Cole County; and that the said William Schatz was on the —— day of January, 1925, and for several days prior thereto in the city of Jefferson City, Cole County, Missouri; against the peace and dignity of the State."

The information followed the language of the statute, which requires the released convict to leave Cole County within twenty-four hours after his discharge, and his failure so to do is made a misdemeanor. The information, which is the guide-post for the consideration of this case, says nothing about Callaway County, so that portion of the statute is only involved by reason of the divers constitutional questions raised as to the validity of this law.

The petition avers that petitioner did leave Cole County within twenty-four hours after his discharge from the penitentiary. His plea in this regard, sustained by his evidence, is as follows:

"Petitioner states that he was discharged from the Missouri penitentiary, Jefferson City, Cole County, Missouri on or about the —— day of September, 1924; that he did immediately and within twenty-four hours after his discharge leave and travel beyond the confines of Jefferson City and Cole County, Missouri, and that he has been away from Jefferson City and Cole County

from that date to on or about the 16th day of January, 1925, when he returned to said county; that during said interval of time he has been employed in St. Charles, Missouri, and that he intended to return to his employment on January 26th, 1925, to resume his former work, but that he was arrested in Jefferson City, Missouri, on January 24th, 1925, and held in the Cole County jail to this date; that a writ of *capias* (a certified copy of which is hereto attached and made a part of this petition) was served upon him in the Cole County jail on the —— day of January, 1925.

"Petitioner states that he has not violated Section 12523 as herein set out as shown by the true facts herein alleged and said petitioner, William Schatz, further states that he is not guilty now and never has been guilty as charged in said information; and that he is therefore being held unlawfully and without just cause or excuse in the Cole County jail, Jefferson City, Missouri.'"

These facts may not be very material in this action. We could imagine more materiality if such petition was on trial upon this information. The only possible materiality of such last mentioned facts would be upon the theory that if we found the statute valid, yet it did not require petitioner to remain away from Cole County. This, however, would only be a defense to the action, and hardly available upon *habeas corpus*. The serious question is the validity of the law.

I.   A process of elimination will shorten this opinion. The officer's right to restrain the citizen must appear upon the face of the warrant of commitment, in this case the *capias* issued upon the information. [In re Hagan, 295 Mo. 435.] The pleadings and writ in this case precludes us from considering the last four lines of said Section 12523, Revised Statutes 1919. In other words, the proviso of the section. Petitioner is not held by virtue of this proviso to this section. The information and the writ charge him with a misdemeanor, created by virtue of the previous portion of the section, and no claim is made that he can be dealt with further than

is permitted by the misdemeanor portion of the statute. To guard against any misapprehension, we will add, however, that in determining the constitutionality or validity of the law, we can consider all portions of it, including the proviso, should it lend aid in the construction.

II. The information, all vital parts being fully quoted supra, shows that petitioner was discharged from the Missouri State Penitentiary in September, 1924. The Statute places no restrictions or limitations upon the word "discharged" as used therein. Without such, it (the word "discharged") in a case like this has the meaning of being restored to freedom. It may not mean that he has been given the right of suffrage, or the right to hold office, if such have been taken from him by the conviction, but it does mean that in all other respects he is a citizen, and fully protected in his rights under the organic law. If before his conviction he had the constitutional right to choose his place of abode, which he undoubtedly possessed, then his discharge by the State would leave to him that right or otherwise he would not have the privilege in this respect accorded to other citizens. Whether this man has been restored to the right to vote and hold office, and therefore repossessed of all the privileges of a citizen, is not the real question. His discharge so far reinstated him to the position of citizen, that he could go from place to place within the State and within Cole and Callaway counties, and within the United States. For his wrong he had paid his penalty to the satisfaction of the State, and by the State has been "discharged," i. e. restored to the right of selecting his own home, anywhere within the confines of the State, or within any county therein. Section 8 of Article VIII of the Missouri Constitution prohibits certain persons from voting, and among others those then confined in a public prison. Section 10 of the same article authorizes the General Assembly to enact laws excluding persons convicted of a felony or other infamous crimes, etc., from the exercise of suffrage. But this does not authorize a law prohibiting a citizen from selecting his place of

abode.  Formerly soldiers and marines were disqualified from voting, but this did not affect their other rights as citizens.  [Section 11 of Article VIII, replaced by a new section in 1921, Laws 1921, page 710.]  The soldier and marine, whilst deprived of a vote, had the right of any other citizen as to selecting his place of abode.  Until recently the women could not vote, yet they were citizens, and could choose their own place of abode.  So with the discharged convict, he has paid his debt to the State, and is yet a citizen in the matter of selecting his home.  The Constitution does not limit his general rights as a citizen. He can own property, go from place to place, do business, and all things that the voting citizen can do, unless the Constitution says contra, or the General Assembly by a constitutional act has restricted his rights.  He is entitled to the equal protection of the law, and this by constitutional mandate, both State and Federal. Other citizens of the State can live in, own property, and do business in both Cole and Callaway counties.  Is there equal protection of the rights of these citizens as compared with other citizens to preclude their residing in these particular two counties?  One of the things contemplated by punishment for crime is the reformation of the citizen.  Why can't they carry out the reformation in Cole and Callaway Counties as well as in other counties of the State?  If the discharged citizen becomes unsavory he can be as well tried and punished in these two counties as elsewhere.  If he does not choose to work, we have a vagrancy law of general application.  But back of all this the discharged convict is a citizen and entitled to all constitutional rights not taken from him.

The unregistered voter in many cities of the State cannot vote, but they are nevertheless citizens, and clothed with all other rights of a citizen.  This law is wrong in fundamental principles, and we think clearly unconstitutional, as we shall further undertake to demonstrate.

III.  If it be urged that the law is a police regulation, it cannot muster strength, because there must be

proper classifications in police laws. Here we have a statute that singles out but two counties, out of a number of counties surrounding a great penal institution, and undertakes to protect them. The law does not even cover those counties which join or bound Cole County, the situs of the penal institution. If the idea was to protect close communities from an influx of discharged criminals why not protect Osage, Miller, Moniteau and Boone, as well as Cole and Callaway? There is and can be no constitutional reason for limiting this law to Cole and Callaway Counties. It is a special law for their benefit, if there be benefit either one way or the other. If this law is to be given any reasonable meaning, it must be said to mean that no discharged convict can, after twenty-four hours, again set his foot upon the soil of either county without committing a crime, and this, too, after he has paid his debt to the State and been given his liberty. And this, too, when such persons can live in all the other counties adjoining the County of Cole. The law makes a classification (discriminatory in character) which cannot be upheld, and which renders the law void. One held in custody under a void law should always be discharged by writ of *habeas corpus.* The petitioner is accordingly discharged from the custody of the Sheriff of Cole County. Much could have been added to this opinion, but this suffices. All concur, except *Walker, J.,* absent; and *Ragland, J.,* who dissents.